UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Tanya Stearns,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Experian Information Solutions, Inc., The National Collegiate Master Student Loan Trust I, American Education Services, and Transworld Systems, Inc.,<br><br>　　　　Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. FCRA, 15 U.S.C. § 1681 *et. seq.* |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Tanya Stearns ("Plaintiff"), through her attorneys, hereby alleges the following against Defendants Experian Information Solutions, Inc. ("Experian"), The National Collegiate Master Student Loan Trust I ("Trust"), American Education Services ("AES"), and Transworld Systems, Inc., ("Transworld") (together as "Defendants"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, which prohibits credit reporting agencies and furnishers from reporting incomplete or inaccurate information.

**JURISDICTION AND VENUE**

2. This Court has federal question jurisdiction over Plaintiff's federal claims under 15 U.S.C. § 1681 *et. seq.* and 28 U.S.C. 1331.

3. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

4. Defendants transact business here; therefore, personal jurisdiction is established.

## PARTIES

5. Plaintiff is a natural person residing in Lewisville, Texas.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

7. Defendant Experian is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f).  On information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined in 15 USC 1681a(d), to third parties. Experian's principal place of business is located at 475 Anton Boulevard, Costa Mesa, California 92626.

8. On information and belief, Experian disburses "consumer reports" to third parties under contract for monetary compensation.

9. The Trust is a "person" as defined by 15 US.C. § 1681a(b). It regularly furnishes financial and credit information to credit reporting agencies and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b), and other sections of the FCRA. Trust can be served through its registered agent, Wilmington Trust Company, at Rodney Square North 1100 N. Market Street, Wilmington, DE 19890.

10. AES is a "person" as defined by 15 US.C. § 1681a(b). It regularly furnishes financial and credit information to credit reporting agencies and is therefore a "furnisher of

*Stearns v. Experian Information Solutions, Inc., et al.*
Complaint and Demand for Jury Trial

information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b), and other sections of the FCRA. AES can be served at 1200 N. 7th St., Harrisburg, PA 17102-1419.

11. Transworld furnishes financial and credit information to credit reporting agencies and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b), and other sections of the FCRA. It can be served through its registered agent, C T Corporation System, at 818 West Seventh Street, Suite 930, Los Angeles, CA 90017.

12. At all relevant times, Defendants acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. Sometime in 2016, Plaintiff noticed that her credit report contained five tradelines under the "Closed Accounts" section of her Experian credit report: AES/NATIONAL COLLEGIAT, Account No. 9524089996PA0XXXX; AES/NATIONAL COLLEGIAT, Account No. 9524089996PA0XXXX; AES/NCT, Account No. 9524089996PA0XXXX; AES/NCT, Account No. 9524089996PA0XXXX; AES/NCT, Account No. 9524089996PA0XXXX.

14. All of these tradelines listed a Balance of $0.00, Account Status as "Closed," and Payment Status as "Charge-off."

15. In addition to this, all five tradelines listed late payments for the months of September 2015 through March 2016.

16. In that same credit report, Transworld was reporting four of those same tradelines: TRANSWORLD SYS INC/926, Account No. 6421XXXX; TRANSWORLD SYS INC/926, Account No. 6421XXXX; TRANSWORLD SYS INC/926, Account No. 6421XXXX; TRANSWORLD SYS INC/926, Account No. 6421XXXX.

17. Each of the Transworld tradelines listed a "Past Due" amount and negative payment history for the months of July and August 2016.

18. Transworld listed the "Payment Status" as "Seriously past due date/assigned to attorney, collection agency, or credit grantor's internal collection department."

19. In 2016, around the time Plaintiff discovered this duplicative derogatory information on her credit report, she went through a difficult divorce. As she began to rebuild her life, she looked for a new house or apartment to live in but was unable to get approved for a mortgage and was turned away from many apartment complexes due to her credit.

20. Plaintiff also had a difficult time purchasing a vehicle at a fair interest rate due to her credit.

21. To add to her frustration, Transworld kept placing calls to her ex-mother-in-law, "concerning a delinquent account."

22. In order to build her new life, Plaintiff was left to take out unsecured loans and use money from her 401k.

23. In 2018, Plaintiff disputed the duplicative derogatory information on her credit report with Experian. As a result of those disputes, only the AES/NATIONAL COLLEGIAT tradelines remained.

24. Plaintiff's relief was short-lived, however, because Transworld began reporting the four tradelines again on or about October 2019.

25. Plaintiff was devastated and confused because it was as if she was being punished twice for the same accounts and could not get out of the financial devastation that she was in.

26. On or about May 5, 2020, Plaintiff sent a dispute letter to Experian, disputing the AES/National Collegiate Trust and the Transworld Systems, Inc. tradelines.

27. Upon information and belief, Experian forwarded Plaintiff's dispute to AES, the Trust, and Transworld as required by 15 U.S.C. § 1681i(a)(2).

28. On or about May 27, 2020, Experian responded to Plaintiff's dispute by verifying that the Transworld tradelines were "verified as accurate." The AES/National Collegiate Trust tradelines were left unaddressed.

29. Experian, AES, the Trust, and Transworld knew or had reason to know the reporting was inaccurate due to Plaintiff's multiple disputes of the same tradelines. AES/Trust and Transworld are reporting the same debts and they are both reporting derogatory information on those same debts.

30. The duplicative derogatory information on Plaintiff's credit report has plagued her for at least four years.

31. Today, Plaintiff is in the same position she was in 2016. As a result of Defendants' inaccurate reporting, Plaintiff has been unable to purchase a home. Also as a result of Defendants' inaccurate reporting, Plaintiff is having trouble purchasing a new vehicle because she is being offered unconscionably high interest rates.

32. The credit cards that she currently has have very high interest rates due to her damaged credit from Defendants' inaccurate reporting.

33. Plaintiff feels as if she is living a nightmare. As a result of Defendants' conduct, she has experienced marital problems, stress, anxiety, frustration, embarrassment, sleeplessness, and emotional and mental anguish.

## COUNT I
### Violations of the FCRA, 15 U.S.C. § 1681 *et. seq*.

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The FCRA requires furnishers, such as AES, Trust, and Transworld, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

36. Since Plaintiff's discovery of the inaccurate accounts sometime in 2016 and until the present, Defendants AES, Trust, and Transworld have provided inaccurate and misleading information to Defendant Experian.

37. Defendants AES, Trust, and Transworld are liable under sections 1681n and 1681o of the FCRA by engaging in the following conduct that violations 15 U.S.C. § 1681s-2(b):

(a) Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

(b) Willfully and negligently failing to review all relevant information;

(c) Willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

(d) Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

(e) Willfully and negligently failing to properly participate, investigate, and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

(f) Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to the credit reporting agencies; and

(g) Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

38. Defendants AES, Trust, and Transworld are liable to compensate Plaintiff for the full amount of statutory, actual, and punitive damages, along with attorneys' fees and costs, as well as other such relief permitted by 15 U.S.C. § 1681n & o.

39. The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate or delete the item from the file within thirty (30) days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(2)(A).

40. The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

41. Finally, the FCRA requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

42. Defendant Experian failed to conduct a reasonable reinvestigation of the inaccuracies that the Plaintiff disputed.

43. Defendant Experian failed to review and consider all relevant information submitted by Plaintiff.

44. Defendant Experian failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information, and file, in violation of 15 U.S.C. § 1681e(b).

45. As a result of the above-described violations of § 1681i and § 1681e(b), Plaintiff has sustained damages.

46. Defendants' violations of the FCRA were willful and therefore Plaintiff is entitled to seek statutory and punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Tanya Stearns, respectfully requests judgment be entered against Defendants Experian Information Solutions, Inc., The National Collegiate Master Student Loan Trust I, American Education Services, and Transworld Systems, Inc., for the following:

A. Declaratory judgment that Defendants violated the FCRA;

B. Actual damages pursuant to 15 U.S.C. § 1681n(a)(1) or § 1681o(a)(1);

C. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1)(A);

D. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Any other relief that this Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

//

RESPECTFULLY SUBMITTED,

Dated: June 29, 2020

By: */s/Beth Findsen*
Lisbeth Findsen (SBN: 24002679)
PRICE LAW GROUP, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5575
F: (818) 600-5475
E: beth@pricelawgroup.com
*Attorneys for Plaintiff*
*Tanya Stearns*